```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 10-20902-CIV-KING
                              MAGISTRATE JUDGE P.A. WHITE
```

```
BAXTER TISDALE,                 :

    Plaintiff,                  :

v.                              :         REPORT OF
                                          MAGISTRATE JUDGE
METRO DADE CORRECTIONS,
et al.,
                                :
    Defendants.                 :
```

## I. Introduction

Baxter Tisdale filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983, while confined in the Metro West Detention Center. The plaintiff is proceeding in forma pauperis.

The plaintiff alleges that defendants, Metro Dade Corrections, Captain Susan Kronberg and CC Ervin denied him adequate medical treatment.

The plaintiff was ordered to file an amended complaint. This Cause is before the Court upon the screening of the amended complaint (DE#8) pursuant to 28 U.S.C. §1915.

## II. Analysis

A.  Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

Sec. 1915 Proceedings in Forma Pauperis

* * *

(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

* * *

(B) the action or appeal –

* * *

(i)  is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief from a defendant who is immune from such relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985.).  The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).  In order to state a claim, a plaintiff must show that

conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998),See: Whitehorn, 758 F.2d at 1419 id. Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).

The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Twombly applies to §1983 prisoner actions. See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

4

B. Statement of the facts

The plaintiff alleges he suffered from severe back spasms, loss of leg strength, numbness in his lower body and severe facial and muscle twitches, resulting from a fall in a jail cell in 2009. He states that Captain Kronberg is responsible for health care in her position as Facility Supervisor.

He claims that Defendant Ervin ignored his pleas for medical care and related injuries. He states he denied his grievances complaining of lack of medical treatment on multiple occasions.

C. Sufficienty of the Complaint

1. Claims against Metro Dade and Capt. Kronberg

The Metro Dade Detention Center is an entity of Dade County, and is not a person or persons acting under color of state law who violated his civil rights. 42 U.S.C. §1983. To allege a §1983 action against a county a plaintiff must assert that a constitutional deprivation resulted from a custom, policy, or practice of the county. Wideman v. Shallowford Community Hospital, Inc. supra, 826 F.2d at 1032, and cases cited therein. Such liability, however, may not be predicated on the theory of respondeat superior. Only if the alleged constitutional violations resulted from a county custom, policy or practice of a county, may its administrators or supervisors be held liable. Monell v. Department of Social Services, supra, 436 U.S. at 694; Free v. Granger, 887 F.2d 1552 (11 Cir. 1989); Wideman v. Shallowford Community Hospital, Inc., supra, 826 F.2d at 1032. Boilerplate allegations of policy or

5

custom, without supporting facts, are insufficient to sustain a §1983 claim. See Hossman v. Blunk, 784 F.2d 793 (7 Cir. 1986); Gutierrez v. City of Hialeah, 723 F.Supp. 1494 (S.D. Fla. 1989).

The plaintiff's allegations against Captain Kronberg are solely based upon her supervisory position. She cannot be sued for liability merely for an improper or even unconstitutional act of her employees under a theory of respondeat superior. If a plaintiff sues a supervisor, there must be proof that the alleged injuries resulted from an official custom, policy, or practice. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Mandel v. Doe, 888 F.2d 782 (11 Cir. 1989). The plaintiff bears the burden of establishing a causal link between a government policy or custom and the injury which is alleged. Byrd v. Clark, 783 F.3d 1002, 1008 (11 Cir. 1986)(citing Monell, supra). See also; Ashcroft v Iqbal, supra. (Heightened pleading standard for supervisory liability) The plaintiff has failed to state a claim against these defendants.

   2. Captain Ervin

The Eighth Amendment[2] prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 102-03 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173(1976)); see also Campbell v. Sikes, 169 F.3d 1353, 1363 (11 Cir. 1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" McElligott v. Foley, 182 F.3d 1248, 1254 (11 Cir. 1999) (citation omitted). An Eighth Amendment claim contains both an objective and a subjective

---

[2]The plaintiff is a pre-trial detainee and his rights are guaranteed by the Fourteenth Amendment. Hamm v DeKalb County,774 F.2d 1567 (11 Cir. 1987) (essentially the same standard)

component.  Taylor v. Adams, 221 F.3d 1254, 1257 (11 Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11 Cir. 1995). First, a plaintiff must set forth evidence of an objectively serious medical need. Taylor, 221 F.3d at 1258; Adams, 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. Farmer, 511 U.S. at 834; McElligott, 182 F.3d at 1254; Campbell, 169 F.3d at 1363.  The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).

In this case the plaintiff minimally states a claim for denial of medical treatment against CC Ervin, whom he states has continually denied his grievances, which were filed in an attempt to obtain medical treatment. [3]

### III. Recommendation

It is therefore recommended as follows:

1. Defendants Metro Dade Detention Center and Capt. Kronberg be dismissed for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

---

[3] The plaintiff states at the last page of his complaint that he seeks to have his charges dismissed in Case No. F09012380, in which an Arthur Hearing is scheduled. This is not the type of relief granted in a civil rights complaint and is unrelated to the plaintiff's claims.

  2. The complaint be permitted to proceed against CC Ervin for denial of medical treatment, and the amended complaint (DE#8) is the operative complaint.

  Objections to this Report may be filed with the District Judge within fourteen days following receipt.

  Dated at Miami, Florida, this 21st day of April, 2010.

              UNITED STATES MAGISTRATE JUDGE


cc: Baxter Tisdale, pro-se
   Jail # 090041044
   Metro Dade Detention Center
   Address of record