```
                                     UNITED STATES DISTRICT COURT
                                     SOUTHERN DISTRICT OF FLORIDA

                                     CASE NO. 10-20902-Civ-KING
                                     MAGISTRATE P. A. WHITE
BAXTER TISDALE,                 :

        Plaintiff,              :

v.                              :          REPORT OF
                                           MAGISTRATE JUDGE
METRO DADE CORRECTIONS, ET AL.: 

        Defendants.             :
_____
```

### I. Introduction

Baxter Tisdale filed a *pro se* civil rights complaint pursuant to Title 42, Section 1983, seeking damages for denial of adequate medical treatment for a back injury, and for the denial of two administrative grievances seeking medical treatment.

Claims against several defendants have been dismissed for failure to state a claim. (DE# 12); see (DE# 9). The Amended Complaint (DE# 8) has been deemed the operative pleading. Id. The case remains pending solely against Defendant C. Ervin on the claim that denial of two administrative grievances seeking medical care constituted deliberate indifference to a serious medical need. Presently before the Court are the Defendant's motion to dismiss the amended complaint (DE# 22) and the Plaintiff's motion for summary judgment (DE# 24).

A.   Plaintiff's Claims

Tisdale alleges he injured his back after falling in an overcrowded jail cell in May, 2009, resulting in muscle spasms and pain for which he was denied adequate medical treatment. He claims he filed repeated medical grievances seeking treatment for the back

1

injury as well as a hernia and foot fungus, which Ervin denied. He claims Ervin was deliberately indifferent to his serious medical needs by ignoring his medical grievances on June 26, and October 27, 2009, despite having access to Tisdale's medical records and knowing Tisdale needed treatment. He seeks compensatory and punitive damages.

B.   <u>Defendant's Motion to Dismiss</u>

Ervin moves to dismiss the amended complaint because the mere denial or mishandling of grievances does not state a constitutional deprivation. (DE# 22). Ervin also notes that Tisdale's October, 2009, grievance was not denied, therefore, this claim is factually insufficient.

Ervin has attached the two grievances Tisdale identifies in his complaint to the motion to dismiss. The first grievance, dated June 23, 2009, does not identify the "category" of issue addressed but states as follows:

> PART I - Provide Specific Details of Your Grievance: On 15 May while at the main jail around 9PM, I was injured when a overcrowded cell of people scrambled to escape being hit with urine thrown from the cell next to us from a unruly inmate. It took officers over 45 min to decide to move him. I have filled out over 5 sick call slips plus 2 oral request to see a doctor, also to be removed from a top to a lower bed. June 23 is here, both request have been ignored.
> PART II - What Steps Have You Taken to Solve the Grievance? I asked every officer thats works 1st and 2nd shift in 3B1 to move me. My request fell on deaf ears. Also I'm sleeping under a AC return vent that spits trash

>continually in my face while sleeping giving me a severe sinus headache for the last few weeks. Since your officers were incompetent to solve the problem, I contacted a Personnel Injury Attorney.
>	PART III - What Remedy/Action(s) Are You Requesting? I need to be moved to a lower bed, since my back has gotten worse, I need to see a doctor. Now my knees are beginning to give away due to the lower back injury. I cant sit or stand nor sleep in one position more than 20 min average.

(DE# 22-1 at 1).

The June 26, 2009, Response, signed by Ervin, states "Grievance must be filed within 10 workdays from the date of the incident." (DE# 22-1 at 2). The top of the grievance form is marked "Rejected," in the space labeled "Control Number." (DE# 22-1 at 1).

Tisdale's October 19, 2009 grievance identifies the category as "medical." It states as follows:

>	PART I - Provide Specific Details of Your Grievance: I have been submitting sick calls slips and never being called everytime a see a MD I never get proper care only ?s and pills. I need proper care for my back, been complaining since 15 May 09 and no real care has been give. I now demand proper attention for my problem.
>	PART II - What Steps Have You Taken to Solve the Grievance? Filed grievance.
>	PART III - What Remedy/Action(s) Are You Requesting? What I want is to be given a proper exam and treatment.

(DE# 22-2 at 1)

3

The Response dated October 27, 2009, is marked "Unsubstantiated" and states as follows:

> You were arrested in May. According to your physical assessment you did not complain of back problems. On 8/6/09, you were seen by the provider for complaint of back. 9/24 complain of same. Medication ordered for (5) days.

(DE# 22-2 at 2).

In his response to the motion to dismiss (DE# 23), Tisdale contends Ervin denied Tisdale's June 23, 2009, medical grievance and request for a bottom bunk pass on June 26, 2009, without authority to do so because Ervin is not a CHS head nurse or designee. He attaches to his motion several versions of the grievances and grievance responses (which are partially illegible) as well as a pre-suit letter in reference to the instant case. He claims Ervin lacked authority to reject his medical grievances and claims Ervin stalled his second medical grievance and only allowed it to go forward to the proper channels a week after Tisdale filed his September 3, 2009, pre-suit letter. He further claims Ervin was fully aware of his medical needs and that the treatment provided was so cursory as to amount to no treatment at all. After Tisdale was notified Ervin's motion to dismiss may be treated as a motion for summary judgment, he filed an additional response. (DE# 26, 27). In it, Tisdale reiterates the argument that Ervin's denial of medical care constitutes deliberate indifference and cites the inmate handbook which provides no inmate shall be deprived medical care. He also attaches annotated versions of the grievances and notes that one of the grievance responses was completed after the date of his pre-suit letter. See (DE# 27 at 19).

C.   <u>Plaintiff's Motion for Summary Judgment</u>

Tisdale seeks summary judgment on his deliberate indifference claim, arguing Ervin's rejection of his medical grievances deprived him of adequate treatment for an obvious medical need.(DE# 24).

Ervin responds that Tisdale merely claims that Ervin mishandled or denied a prisoner's grievance, and that these allegations are insufficient to support Section 1983 liability. (DE# 33). Ervin also notes that Tisdale has failed to comply with the procedural requirements governing motions for summary judgment.

## II. <u>Motion to Dismiss Standard</u>

In ruling on a motion to dismiss, the court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. <u>Hill v. White</u>, 321 F.3d 1334, 1335 (11th Cir. 2003); <u>see</u> <u>Thomas v. Harris</u>, 2010 WL 3911376 (11th Cir. Oct. 7. 2010) (noting dismissal under 28 U.S.C. § 1915(e)(2)(B) is governed by the same standard as Federal Rule of Civil Procedure 12(b)(6)). Once a claim has been stated adequately, it may be supported by any set of facts consistent with the allegations in the complaint. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007). A heightened pleading standard is not required; the plaintiff must plead "only enough facts to state a claim of relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. A complaint "does not need detailed factual allegations," however, the allegations "must be enough to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555. Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." <u>Twombly</u>, 550 U.S. at 556). The rule "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough fact to raise a reasonable

expectation that discovery will reveal evidence of" the necessary element. Twombly, 550 U.S. at 556. A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

If matters outside the pleadings are presented by the parties, the motion to dismiss must be converted into a motion for summary judgment. See Fed. R. Civ. P. 12(d), 56. However, an extrinsic document may be considered on motion to dismiss if it is central to the plaintiff's claim and its authenticity is not challenged. SFM Holdings, Ltd. v. Banc of Am. Secs., 600 F.3d 1334, 1337 (11th Cir. 2010); see Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1369 (11th Cir. 1997) ("where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment.").

### III. Summary Judgment Standard

Summary judgment is proper "if the pleading, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The inquiry is whether the evidence viewed in the light most favorable to the party opposing the motion "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986); Skrtich v.

Thornton, 280 F.3d 1295, 1299 (11th Cir. 2002).

The party moving for summary judgment bears the initial responsibility of informing the court of the basis for its motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The nonmoving party must go beyond the pleadings with evidentiary materials such as his own affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing there is a genuine issue for trial. Celotex, 477 U.S. at 324; Fed. R. Civ. P. 56. Summary judgment is granted against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial" because the complete failure of proof of an essential element necessarily renders all other facts immaterial. Celotex, 477 U.S. at 323. If the nonmoving party presents evidence that is merely colorable or not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249. Moreover, "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." Griffin Indus. v. Irvin, 496 F.3d 1189, 1206 (11th Cir. 2007). Summary judgment is not a procedure for resolving a swearing contest. Chandler v. Baird, 926 F.2d 1057 (11th Cir. 1991). "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge...." Anderson, 477 U.S. at 255.

IV. Deliberate Indifference Standard

The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 102-03 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173(1976)); see also Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999).

7

Deliberate indifference to a prisoner's medical needs violates the Eighth Amendment. See Estelle, 429 U.S. at 104.

To prevail on a claim of deliberate indifference to a serious medical need, a plaintiff must show: "(1) a serious medical need; (2) the defendant['s] deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." Youmans v. Gagnon, 2010 WL 4608409 (11th Cir. Nov. 16, 2010).

A "serious medical need" is on that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Mann v. Taser Int'l, 588 F.3d 1291, 1307 (11th Cir. 2009). As a general matter, a serious medical need is one requiring immediate medical attention. Youmans, 2010 WL 2608409 at *3.

To prove "deliberate indifference" to a serious medical need, a plaintiff must show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Townsend v. Jefferson County, 601 F.3d 1152, 1158 (11th Cir. 2010).

V. Discussion

A. Defendant's Motion to Dismiss

Attached to Ervin's "motion to dismiss" are copies of the two grievances to which Tisdale refers in his complaint. Tisdale submits his own versions of the grievances and suggests portions of the forms were completed at different times. See (DE# 27 at 19). The motion to dismiss will be treated as a motion for summary judgment under these circumstances. See Fed. R. Civ. P. 12(d), 56; SFM Holdings, 600 F.3d at 1337.

Tisdale alleges Ervin's denial of his two grievances requesting medical care constituted deliberate indifference.[1] "If a prisoner is under the care of medical experts ..., a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). Accordingly, "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official ... will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." Spruill, 372 F.3d at 236. Once a prison's grievance examiner becomes aware of potential mistreatment, the Eighth Amendment does not require him or her to do more than "review [] ... [the prisoner's] complaints and verif[y] with the medical officials that [the prisoner] was receiving treatment." Greeno v. Daley, 414 F.3d 645, 655 (7th Cir. 2005). "[S]imply evaluating or rejecting an inmate's institutional complaint does not make a prison official complicit in the alleged deprivation." Hohol v. Jess, 2010 WL 3681388 at *2 (7th Cir. 2010). "[D]enial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009).

In Tisdale's first grievance of June 23, 2009, he raises a

---

[1] Tisdale appears to suggest his constitutional rights were violated because Ervin failed to follow the prison's grievance procedure. A prisoner "does not have a constitutionally-protected liberty interest in an inmate grievance procedure." Thomas v. Warner, 237 Fed. Appx. 435, 437 (11th Cir. 2007). Tisdale's claim that Ervin was unqualified to respond to his grievances or that other procedural errors occurred in the grievance process, therefore, cannot support Section 1983 liability. See, e.g., Wildberger v. Bracknell, 869 F.2d 1467 (11th Cir. 1989) (violation of grievance procedure does not rise to the level of a constitutional violation because there is no entitlement to a grievance procedure under the Federal Constitution); see also Buckley v. Barlow, 997 F.2d 494 (8th Cir. 1993) (there is no right to a particular type of process in the handling of prisoner grievances). Therefore, to the extent Tisdale has raised a due process violation, this claims should be dismissed.

number of issues, among which he complains: he suffered a back injury in May; had made five sick call requests and two oral requests to see a doctor which were ignored; his injury is worsening, causing his knees to give way and preventing him from sitting, standing or sleeping for more than twenty minutes, and requiring a lower bunk; and he needs to see a doctor. Ervin denied the grievance because it was made more than ten days after the date of the alleged incident. The response does not address Tisdale's complaint that his repeated requests for medical care were ignored, and nothing in the grievance response indicates Ervin contacted medical personnel or investigated Tisdale's medical records to determine whether or not Tisdale had received any care. The grievance records indicate Tisdale received medical care forty-four days after his first grievance on August 6, and again on September 24, 2009. In his second grievance, dated October 19, 2009, Tisdale states no "real" medical care has been provided and requests a "proper exam and treatment." The Response to this grievance states the claim is unsubstantiated because Tisdale did not complain of an injury at the time it allegedly occurred, and had received medical care on the dates previously indicated.

Ervin has not submitted any affidavits or medical records disputing Tisdale's claim that he had a serious medical need. Nor does Ervin provide a description of "corrections counselor" job duties or indicate whether she has any medical training or control over medical decision-making in the institution. Nor does she state whether or how she investigated Tisdale's complaints that his repeated requests for medical care had been ignored. See, e.g., Brown v. Head, 190 Fed. Appx. 808 (11th Cir. 2006) (summary judgment affirmed on allegation that Manager of Inmate Affairs and Appeals was deliberately indifferent by denying plaintiff's appeal in a grievance proceeding regarding environmental tobacco smoke

where the record revealed defendant's staff investigated the grievance and responded accordingly; lack of enforcement of smoking policy showed at best mere negligence, not deliberate indifference); Greeno, 414 F.3d at 645(no deliberate indifference where corrections complaint appeal examiner who handled appeals for at least seven of plaintiff's complaints investigated the complaints and referred them to the medical providers who could be expected to address plaintiff's concerns); see also Henderson v. Kerns-Barr, 303 Fed. Appx. 451 (3d Cir. 2008) (summary judgment warranted in favor of prison guard and prison disciplinary hearing officer who plaintiff did not establish or even claim were personally involved in her medical care; plaintiff claimed she was denied medication while in solitary that resulted from confrontation with prison guard and hearing before prison hearing officer). Nor has Ervin submitted an affidavit explaining her involvement, or lack thereof, in resolving Tisdale's second grievance.

Because the foregoing disputed issues of material fact remain unresolved, Ervin's motion for summary judgment on Tisdale's claim of deliberate indifference should be denied.

B.  Plaintiff's Motion for Summary Judgment

Tisdale seeks summary judgment, arguing Ervin's rejection of his medical grievances deprived him of adequate treatment for an obvious medical need.

Tisdale has not submitted any affidavits or medical records to support his motion. Issues of material fact remain unresolved as set forth in section V(A), supra. Therefore, Tisdale's motion for summary judgment should likewise be denied.

## VI. Conclusion

It is therefore recommended that: (1) the Defendant's motion to dismiss (DE# 22) be treated as a motion for summary judgment and that it be denied; and (2) the Plaintiff's motion for summary judgment (DE# 24) be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 15th day of December, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Baxter Tisdale, *pro se*
10601 SW 149 Terr.
Miami, FL 33176

Eduardo William Gonzalez
Miami-Dade County Attorney's Office
111 NW First Street
Suite 2810
Miami, FL 33128